# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| KIMBERLY STARLING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NETWORTH REALTY, USA, LLC and DALLAS METRO HOLDINGS LLC<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 1:26-CV-00410-RP<br><br>JURY TRIAL DEMANDED |

**DEFENDANT NETWORTH REALTY USA, LLC'S AMENDED ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant NetWorth Realty, USA, LLC ("Defendant" or "NetWorth") files this Amended Answer to Plaintiff's Class Action Complaint ("Complaint"). Defendant reserves the right to amend this Amended Answer if and when it becomes appropriate to do so. And except as expressly admitted below, Defendant denies each and every allegation set forth in the Complaint. Defendant responds to the numbered paragraphs of the Complaint and prayer for relief as follows:

The unnumbered paragraph at the beginning of the Complaint contains statements to which no response is necessary. To the extent any response to any allegations contained in this paragraph is necessary, Defendant denies such allegations.

1. Defendant admits that the quoted language in paragraph 1 of the Complaint is selectively taken from the authority cited therein, and the authority speaks for itself. Defendant otherwise denies the allegations in paragraph 1.

2. Defendant admits that the quoted language in paragraph 2 of the Complaint is selectively taken from the authority cited therein, and the authority speaks for itself. Defendant otherwise denies the allegations in paragraph 2.

3. Defendant admits that Plaintiff purports to bring this action as a class action. Defendant otherwise denies the allegations in paragraph 3.

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first clause in the first sentence of paragraph 4. Defendant admits that Plaintiff purports to bring this action on behalf of a proposed nationwide class. Defendant denies the allegations of “illegal” activity attributed to Defendant in the second clause of paragraph 4.

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5.

6. Admitted.

7. Defendant lacks knowledge or information as to how Plaintiff defines the term “affiliated company” in paragraph 7, but it denies owning or controlling Dallas Metro Holdings LLC. Defendant admits that, based on public records, Dallas Metro Holdings, LLC’s registered agent is in Austin, Texas.

8. Paragraph 8 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 8 is necessary, Defendant admits that Plaintiff purports to bring claims under 47 U.S.C. § 227, but Defendant denies that any factual or legal basis exists for any of Plaintiff’s claims against Defendant in this action, or that Plaintiff is entitled to any relief from Defendant.

9. Paragraph 9 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 9 is necessary, Defendant does not

contest that it is subject to the personal jurisdiction of this Court, but denies that any factual or legal basis exists for any of Plaintiff's claims, or that Plaintiff is entitled to any relief from Defendant.

10. Paragraph 10 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 10 is necessary, Defendant does not contest that venue is proper in this district, but denies that any factual or legal basis exists for any of Plaintiff's claims, or that Plaintiff is entitled to any relief from Defendant.

11. The heading "A." before paragraph 11 contains statements to which no response is necessary. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11.

12. Paragraph 12 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 12 is necessary, the authority speaks for itself. To the extent paragraph 12 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

13. Paragraph 13 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 13 is necessary, the authority speaks for itself. To the extent paragraph 13 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

14. Paragraph 14 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 14 is necessary, the authority speaks for itself. To the extent paragraph 14 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

15. Paragraph 15 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 15 is necessary, the authority speaks for itself. To the extent paragraph 15 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

16. The heading "B." before paragraph 16 and paragraph 16 state legal conclusions to which no response is necessary. To the extent any response to the allegations contained in the heading "B." or paragraph 16 is necessary, the authority speaks for itself. To the extent paragraph 16 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

17. Paragraph 17 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 17 is necessary, the authority speaks for itself. To the extent paragraph 17 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

18. Paragraph 18 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 18 is necessary, the authority speaks for itself. To the extent paragraph 18 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

19. The heading "C." before paragraph 19 contains statements to which no response is necessary. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first clause in the first sentence of paragraph 19. The remainder of paragraph 19 states legal conclusions to which no response is necessary. To the extent any response to the remaining allegations contained in paragraph 19 is necessary, the authority speaks for itself. To

the extent paragraph 19 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

20. Paragraph 20 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 20 is necessary, the authority speaks for itself. To the extent paragraph 20 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

21. Paragraph 21 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 21 is necessary, the authority speaks for itself. To the extent paragraph 21 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

22. Paragraph 22 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 22 is necessary, the authority speaks for itself. To the extent paragraph 22 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

23. The heading "D." before paragraph 23 does not contain statements to which a response is necessary. To the extent the heading "D." alleges wrongdoing on Defendant's part, Defendant denies. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23.

24. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24.

25. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25.

26. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26.

27. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27.

28. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28.

29. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29.

30. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30.

31. Defendant denies that Plaintiff received a call from it on June 9, 2025. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 31.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32.

33. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33.

34. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34.

35. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35.

36. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36.

37. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37.

38. Defendant admits the allegation in paragraph 38 that it is not registered as a telephone solicitor with the Texas Secretary of State, but denies any allegation that it needs to be.

39. Denied.

40. Defendant denies any allegation in paragraph 40 that "Five9" is its "calling carrier." Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 40.

41. Defendant denies any allegation in paragraph 41 that "Five9" is its "telephone carrier." Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 41.

42. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42.

43. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 43.

44. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44.

45. Denied.

46. Defendant admits that Plaintiff never did business with it. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 46.

47. Denied.

48. Denied.

49. Denied.

50. Defendant admits that Plaintiff purports to bring this case on behalf of the classes defined in paragraph 50. Defendant otherwise denies the allegations in paragraph 50.

51. Paragraph 51 does not include any allegations that require a response. To the extent any response to the allegations contained in paragraph 51 is necessary, Defendant denies the allegations.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Paragraph 58 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 58 is necessary, Defendant denies the allegations.

59. Paragraph 59, including each subpart, states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 59, including each subpart, is necessary, Defendant denies the allegations.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. To the extent paragraph 65 incorporates prior allegations in the Complaint, Defendant incorporates its prior responses to same.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. To the extent paragraph 70 incorporates prior allegations in the Complaint, Defendant incorporates its responses to same.

71. Paragraph 71 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 71 is necessary, the authority speaks for itself. To the extent paragraph 71 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

72. Paragraph 72 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 72 is necessary, the authority speaks for itself. To the extent paragraph 72 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. To the extent paragraph 77 incorporates prior allegations in the Complaint, Defendant incorporates its responses to same.

78. Denied.

79. Denied.

80. Denied.

**ANSWER TO PRAYER FOR RELIEF**

Defendant denies that Plaintiff, or any plaintiff class, is entitled to the relief requested or to any relief, and denies any and all allegations of the Complaint except as specifically admitted above.

**ANSWER TO JURY DEMAND**

Defendant admits that Plaintiff demands a trial by jury for all issues so triable.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendant affirmatively states the following affirmative and other defenses. By listing a defense or issue below, Defendant does not admit that it bears the burden of proof on the issue or defense and reserves its right to contend that Plaintiff bears the burden of proof on the issue. Further, Defendant pleads these defenses in the alternative.

1. Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

2. In addition or in the alternative, Plaintiff's claims are barred, in whole or in part, because Defendant did not make the calls alleged in the Complaint.

3. In addition or in the alternative, Plaintiff's claims are barred, in whole or in part, because Defendant is not vicariously liable for the calls alleged in the Complaint, which were made by third parties.

4. In addition or in the alternative, any alleged injury Plaintiff allegedly sustained was caused, in whole or in part, by the acts or omissions of third parties over which Defendant had no

control, which constitute intervening and superseding causes that bar, in whole or in part, recovery against Defendant.

5. In addition or in the alternative, to the extent Defendant is found to have made or be liable for calls or solicitations (which it denies), Plaintiff's claims are barred, in whole or in part, by the safe harbor provision in 47 C.F.R. § 64.1200(c)(2)(i).

6. In addition or in the alternative, to the extent Defendant is found to have made or be liable for calls or solicitations (which it denies), Plaintiff's claims are barred, in whole or in part, by the affirmative defense listed in 47 U.S.C. § 227(c)(5).

7. In addition or in the alternative, to the extent Defendant is found to have made or be liable for calls (which it denies), Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's express invitation or permission to be contacted was obtained. *See* 47 C.F.R. § 64.1200(c)(2)(ii); *see also* 47 U.S.C. § 227(a)(4).

8. In addition or in the alternative, to the extent Defendant is found to have made or be liable for calls (which it denies) Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff had an established business relationship with the caller. *See* 47 U.S.C. § 227(a)(4); *see also* 47 C.F.R. § 64.1200(f).

9. In addition or in the alternative, Plaintiff's claims are barred, in whole or in part, because the calls at issue do not constitute "telephone solicitation" under 47 U.S.C. § 227(a)(4).

10. In addition or in the alternative, any violation of the TCPA and/or its regulations (which Defendant denies) was not done willfully or knowingly.

11. In addition or in the alternative, Plaintiff's suit is barred due to lack of standing because she did not suffer an injury-in-fact that is fairly traceable to conduct by Defendant.

12. In addition or in the alternative, Plaintiff's claim under Texas Business and Commerce Code § 302 is barred, in whole or in part, because Defendant is not a "seller" or "salesperson" who made a "telephone solicitation" to Plaintiff.

13. In addition or in the alternative, to the extent Defendant is found to have made or be liable for calls or solicitations (which it denies), Plaintiff's claim under Texas Business and Commerce Code § 302 is barred because, Defendant is informed and believes, that Texas Business and Commerce Code § 302.059 applies.

14. In addition or in the alternative, to the extent Defendant is found to have made or be liable for calls or solicitations (which it denies) Plaintiff's claim under Texas Business and Commerce Code § 302 is barred because, Defendant is informed and believes, that Texas Business and Commerce Code § 302.061 applies.

15. In addition or in the alternative, to the extent Plaintiff suffered any damages, which Defendant denies, Plaintiff failed to mitigate her alleged damages, and any recovery must be reduced accordingly.

16. In addition or in the alternative, Plaintiff's COUNT II is barred because the authority Plaintiff relies on (47 C.F.R. § 64.1601(e)) does not create a private right of action.

17. In addition or in the alternative, the class action damages sought are unconstitutional because they are wholly disproportionate to the alleged offense and obviously unreasonable.

18. In addition or in the alternative, to the extent Plaintiff's claims relate to conduct beyond the applicable statute of limitations, such claims are barred.

19. In addition or in the alternative, Plaintiff's requested relief should be barred, in whole or in part, due to the doctrine of laches.

20. In addition or in the alternative, to the extent Defendant is found to have made or be liable for calls or solicitations (which it denies), Plaintiff's claims and/or requested relief should be barred, in whole or in part, due to quasi-estoppel/estoppel, waiver, and/or consent, based on Plaintiff's conduct.

21. In addition or in the alternative, Defendant invokes Chapter 33 of the Texas Civil Practice and Remedies Code (proportionate responsibility) and asserts that, in the unlikely event that Defendant violated some applicable legal standard, Plaintiff's conduct contributed to her alleged damages. Pursuant to Chapter 33, the trier of fact should determine the percentage of responsibility of Plaintiff with respect to her causing or contributing to cause in any way the harm for which recovery of damages is sought.

22. In addition or in the alternative, Defendant invokes Chapter 33 of the Texas Civil Practice and Remedies Code (proportionate responsibility) and asserts that, in the unlikely event that Defendant violated some applicable legal standard, Home Finders Network, as a responsible third party, caused or contributed to causing the harm for which recovery of damages is sought. Pursuant to Chapter 33, the trier of fact should determine the percentage of responsibility of Home Finders Network with respect to causing or contributing to cause in any way the harm for which Plaintiff is seeking recovery of damages.

23. Defendant hereby reserves the right to amend its Answer, to add to, amend, withdraw, or modify these defenses, at law or in equity, as its investigation continues, otherwise arising in the course of this action, and as discovery may require.

**WHEREFORE**, Defendant respectfully requests judgment dismissing the Complaint in its entirety and awarding costs and attorneys' fees, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

SCOTT DOUGLASS & McCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
512.495.6300
512.495.6399 Fax

By: */s/ John W. Ellis*
Steve McConnico
State Bar No. 13450300
smcconnico@scottdoug.com
John W. Ellis
State Bar No. 24078473
jellis@scottdoug.com
Stephen Burbank
Texas Bar No. 24109672
sburbank@scottdoug.com

ATTORNEY FOR DEFENDANT NETWORTH REALTY, USA, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 25, 2026.

*/s/ Stephen Burbank*
Stephen Burbank