# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KIMBERLY STARLING, individually and on behalf of all others similarly situated, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26:CV-410 |
| | § | |
| NETWORTH REALTY, USA, LLC AND DALLAS METRO HOLDINGS LLC | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT DALLAS METRO HOLDINGS LLC'S FIRST AMENDED ORIGINAL ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Dallas Metro Holdings ("Defendant") files this its First Amended Original Answer to Plaintiff's Class Action Complaint. Plaintiff Kimberly Starling, and all others similarly situated, are referenced herein as "Plaintiff." Defendant reserves the right to amend this First Amended Original Answer if and when it becomes appropriate to do so.

## I.
## SPECIFIC RESPONSES TO ALLEGATIONS

The unnumbered paragraph at the beginning of Plaintiff's Class Action Complaint contains statements to which no response is necessary. To the extent any response to any allegations contained in this paragraph is necessary, Defendant denies such allegations.

Defendant hereby responds to the specific numbered allegations of Plaintiff's Class Action Complaint as follows:

1. Paragraph 1 of Plaintiff's Class Action Complaint is a quotation from a published case decision which speaks for itself and does not contain any allegations to which Defendant must respond. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2. Paragraph 2 of Plaintiff's Class Action Complaint is a quotation from a published case decision which speaks for itself and does not contain any allegations to which Defendant must respond. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3. Defendant admits Plaintiff has brought this action individually. Defendant further admits Plaintiff alleges that she is also bringing this action "as a class representative for all others similarly situated." Except as admitted herein, Defendant denies the allegations in Paragraph 3 of Plaintiff's Class Action Complaint.

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first clause in the first sentence of Paragraph 4 of Plaintiff's Class Action Complaint. Defendant admits that Plaintiff purports to bring this action on behalf of a proposed nationwide class. Defendant denies the allegations of "illegal" activity attributed to Defendants in the second clause of Paragraph 4.

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiff's Class Action Complaint and therefore denies them.

6. Defendant admits the allegations in Paragraph 6 of Plaintiff's Class Action Complaint.

7. Defendant admits its registered agent is in Austin, Travis County, Texas. Defendant objects that the phrase "affiliated company" is vague and ambiguous, and therefore lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 7.

8. Paragraph 8 of Plaintiff's Class Action Complaint states legal conclusions to which no response is necessary. To the extent a response is required, Defendant admits the allegations in Paragraph 8.

9. Paragraph 9 of Plaintiff's Class Action Complaint states legal conclusions to which no response is necessary. To the extent a response is required, Defendant admits the allegations in Paragraph 9.

10. Paragraph 10 of Plaintiff's Class Action Complaint states legal conclusions to which no response is necessary. To the extent a response is required, Defendant admits the allegations in Paragraph 10.

11. The heading "A." before paragraph 11 contains statements to which no response is necessary. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11.

12. Paragraph 12 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 12 is necessary, the authority speaks for itself. To the extent paragraph 12 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

13. Paragraph 13 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 13 is necessary, the authority speaks for itself. To the extent paragraph 13 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

14. Paragraph 14 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 14 is necessary, the authority speaks

for itself. To the extent paragraph 14 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

15. Paragraph 15 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 15 is necessary, the authority speaks for itself. To the extent paragraph 15 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

16. The heading "B." before paragraph 16 and paragraph 16 state legal conclusions to which no response is necessary. To the extent any response to the allegations contained in the heading "B." or paragraph 16 is necessary, the authority speaks for itself. To the extent paragraph 16 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

17. Paragraph 17 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 17 is necessary, the authority speaks for itself. To the extent paragraph 17 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

18. Paragraph 18 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 18 is necessary, the authority speaks for itself. To the extent paragraph 18 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

19. The heading "C." before paragraph 19 contains statements to which no response is necessary. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first clause in the first sentence of paragraph 19. The remainder of paragraph 19 states legal conclusions to which no response is necessary. To the extent any response to the

remaining allegations contained in paragraph 19 is necessary, the authority speaks for itself. To the extent paragraph 19 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

20. Paragraph 20 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 20 is necessary, the authority speaks for itself. To the extent paragraph 20 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

21. Paragraph 21 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 21 is necessary, the authority speaks for itself. To the extent paragraph 21 inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

22. Paragraph 22 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 22 is necessary, the authority speaks for itself. To the extent paragraph 22 inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

23. The heading "D." before paragraph 23 does not contain statements to which a response is necessary. To the extent the heading "D." alleges wrongdoing on Defendant's part, Defendant denies. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of Plaintiff's Class Action Complaint and therefore denies them.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of Plaintiff's Class Action Complaint and therefore denies them.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of Plaintiff's Class Action Complaint and therefore denies them.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of Plaintiff's Class Action Complaint and therefore denies them.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiff's Class Action Complaint and therefore denies them.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of Plaintiff's Class Action Complaint and therefore denies them.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiff's Class Action Complaint and therefore denies them.

31. Defendant denies that Plaintiff received a call from it on June 9, 2025. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of Plaintiff's Class Action Complaint and therefore denies them.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiff's Class Action Complaint and therefore denies them.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of Plaintiff's Class Action Complaint and therefore denies them.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of Plaintiff's Class Action Complaint and therefore denies them.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of Plaintiff's Class Action Complaint and therefore denies them.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of Plaintiff's Class Action Complaint and therefore denies them.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of Plaintiff's Class Action Complaint and therefore denies them.

38. Defendant admits the allegation in Paragraph 38 that it is not registered as a telephone solicitor with the Texas Secretary of State, but denies any allegation that it needs to be.

39. Paragraph 39 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 39 of Plaintiff's Class Action Complaint.

40. Defendant denies any allegation in Paragraph 40 that "Five9" is its "calling carrier." Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 40 and therefore denies them.

41. Defendant denies any allegation in Paragraph 41 that "Five9" is its "telephone carrier." Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 41 and therefore denies them.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of Plaintiff's Class Action Complaint and therefore denies them.

43. Paragraph 43 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of Plaintiff's Class Action Complaint and therefore denies them.

44. Paragraph 44 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of Plaintiff's Class Action Complaint and therefore denies them.

45. Defendant denies the allegations in Paragraph 45 of Plaintiff's Class Action Complaint.

46. Defendant admits that Plaintiff never did business with it. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 46.

47. Defendant denies the allegations in Paragraph 47 of Plaintiff's Class Action Complaint.

48. Defendant denies the allegations in Paragraph 48 of Plaintiff's Class Action Complaint.

49. Paragraph 49 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 49 of Plaintiff's Class Action Complaint.

50. Paragraph 50 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 50 of Plaintiff's Class Action Complaint.

51. Paragraph 51 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 51 of Plaintiff's Class Action Complaint.

52. Defendant denies the allegations in Paragraph 52 of Plaintiff's Class Action Complaint.

53. Defendant denies the allegations in Paragraph 53 of Plaintiff's Class Action Complaint.

54. Paragraph 54 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 54 of Plaintiff's Class Action Complaint.

55. Paragraph 55 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 55 of Plaintiff's Class Action Complaint.

56. Paragraph 56 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 56 of Plaintiff's Class Action Complaint.

57. Paragraph 57 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 57 of Plaintiff's Class Action Complaint.

58. Paragraph 58 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 58 of Plaintiff's Class Action Complaint.

59. Paragraph 59 of Plaintiff's Class Action Complaint, including each subpart in this paragraph, contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 59 of Plaintiff's Class Action Complaint including each subpart therein.

60. Paragraph 60 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 60 of Plaintiff's Class Action Complaint.

61. Paragraph 61 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 61 of Plaintiff's Class Action Complaint.

62. Paragraph 62 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 62 of Plaintiff's Class Action Complaint.

63. Paragraph 63 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 63 of Plaintiff's Class Action Complaint.

64. Paragraph 64 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 64 of Plaintiff's Class Action Complaint.

65. Paragraph 65 of Plaintiff's Class Action Complaint does not contain any specific allegations but merely repeats and incorporates prior allegations, and therefore Defendant likewise repeats and incorporates by reference its responses corresponding to each of Plaintiff's allegations incorporated therein.

66. Paragraph 66 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 66 of Plaintiff's Class Action Complaint.

67. Paragraph 67 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 67 of Plaintiff's Class Action Complaint.

68. Paragraph 68 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 68 of Plaintiff's Class Action Complaint.

69. Paragraph 69 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 69 of Plaintiff's Class Action Complaint.

70. Paragraph 70 of Plaintiff's Class Action Complaint does not contain any specific allegations but merely repeats and incorporates prior allegations, and therefore Defendant likewise repeats and incorporates by reference its responses corresponding to each of Plaintiff's allegations incorporated therein.

71. Paragraph 71 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 71 of Plaintiff's Class Action Complaint.

72. Paragraph 72 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 72 of Plaintiff's Class Action Complaint.

73. Paragraph 73 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 73 of Plaintiff's Class Action Complaint.

74. Paragraph 74 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 74 of Plaintiff's Class Action Complaint.

75. Paragraph 75 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 75 of Plaintiff's Class Action Complaint.

76. Paragraph 76 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 76 of Plaintiff's Class Action Complaint.

77. Paragraph 77 of Plaintiff's Class Action Complaint does not contain any specific allegations but merely repeats and incorporates prior allegations, and therefore Defendant likewise repeats and incorporates by reference its responses corresponding to each of Plaintiff's allegations incorporated therein.

78. Paragraph 78 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 78 of Plaintiff's Class Action Complaint.

79. Paragraph 79 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 79 of Plaintiff's Class Action Complaint.

80. Paragraph 80 of Plaintiff's Class Action Complaint contains legal conclusions to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations in Paragraph 80 of Plaintiff's Class Action Complaint.

81. Defendant denies the allegations contained in the Prayer paragraph of Plaintiff's Class Action Complaint. Defendant denies Plaintiff is entitled to the relief sought against Defendant.

82. Defendant is not required to respond to Plaintiff's demand for a jury trial.

## II.
## AFFIRMATIVE AND OTHER DEFENSES

83. Defendant affirmatively states the following affirmative and other defenses. By listing a defense or issue below, Defendant does not admit that it bears the burden of proof on the issue or defense and reserves its right to contend that Plaintiff bears the burden of proof on the issue. Further, Defendant pleads these defenses and affirmative defenses in the alternative.

84. Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

85. Plaintiff's claims are barred, in whole or in part, because Defendant did not make the calls alleged in the Complaint.

86. Plaintiff's claims are barred, in whole or in part, because Defendant is not vicariously liable for the calls alleged in the Complaint, which were all made by third parties.

87. Any alleged injury Plaintiff allegedly sustained was caused, in whole or in part, by the acts or omissions of third parties over which Defendant had no control, which constitute intervening and superseding causes that bar, in whole or in part, recovery against Defendant.

88. To the extent Defendant is found to have made or be liable for calls or solicitations (which it denies), Plaintiff's claims are barred, in whole or in part, by the safe harbor provision in 47 C.F.R. § 64.1200(c)(2)(i).

89. To the extent Defendant is found to have made or be liable for calls or solicitations (which it denies), Plaintiff's claims are barred, in whole or in part, by the affirmative defense listed in 47 U.S.C. § 227(c)(5).

90. To the extent Defendant is found to have made or be liable for calls (which it denies), Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's express invitation

or permission to be contacted was obtained. *See* 47 C.F.R. § 64.1200(c)(2)(ii); *see also* 47 U.S.C. § 227(a)(4).

91. To the extent Defendant is found to have made or be liable for calls (which it denies), Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff had an established business relationship with the caller. *See* 47 U.S.C. § 227(a)(4); *see also* 47 C.F.R. § 64.1200(f).

92. Plaintiff's claims are barred, in whole or in part, because the calls at issue do not constitute "telephone solicitation" under 47 U.S.C. § 227(a)(4).

93. Any violation of the TCPA and/or its regulations (which Defendant denies) was not done willfully or knowingly.

94. Plaintiff's suit is barred due to lack of standing because she did not suffer an injury-in-fact that is fairly traceable to conduct by Defendant.

95. Plaintiff's claim under Texas Business and Commerce Code § 302.101 is barred, in whole or in part, because Defendant is not a "seller" or "salesperson" who made a "telephone solicitation" to Plaintiff.

96. Plaintiff's claim under Texas Business and Commerce Code is barred because, Defendant is informed and believes, that Texas Business and Commerce Code § 302.059 applies.

97. Plaintiff's claim under Texas Business and Commerce Code § 302.101 is barred because, Defendant is informed and believes, that Texas Business and Commerce Code § 302.061 applies.

98. To the extent Plaintiff suffered any damages, which Defendant denies, Plaintiff failed to mitigate her alleged damages, and any recovery must be reduced accordingly.

99. Plaintiff's COUNT II is barred because the authority Plaintiff relies on (47 C.F.R. § 64.1601(e)) does not create a private right of action.

100. The class action damages sought are unconstitutional because they are wholly disproportionate to the alleged offense and obviously unreasonable.

101. To the extent Plaintiff's claims relate to conduct beyond the applicable statute of limitations, such claims are barred.

102. Plaintiff's requested relief should be barred, in whole or in part, due to the doctrine of laches.

103. To the extent Defendant is found to have made or be liable for calls or solicitations (which it denies), Plaintiff's claims and/or requested relief should be barred, in whole or in part, due to quasi-estoppel/estoppel, waiver, and/or consent, based on Plaintiff's conduct.

104. Defendant invokes Chapter 33 of the Texas Civil Practice and Remedies Code (proportionate responsibility) and asserts that, in the unlikely event that Defendant violated some applicable legal standard, Plaintiff's conduct contributed to her alleged damages. Pursuant to Chapter 33, the trier of fact should determine the percentage of responsibility of Plaintiff with respect to her causing or contributing to cause in any way the harm for which recovery of damages is sought.

105. Defendant invokes Chapter 33 of the Texas Civil Practice and Remedies Code (proportionate responsibility) and asserts that, in the unlikely event that Defendant violated some applicable legal standard, Home Finders Network, as a responsible third party, caused or contributed to causing the harm for which recovery of damages is sought. Pursuant to Chapter 33, the trier of fact should determine the percentage of responsibility of Home Finders Network with respect to causing or contributing to cause in any way the harm for which Plaintiff is seeking recovery of damages.

106. Defendant presently has insufficient knowledge and information upon which to form a belief as to whether it may have additional, as yet unstated, defenses. Accordingly, Defendant reserves the right to assert additional defenses in the event discovery and/or investigation reveals factual and/or legal bases for such additional affirmative defenses.

WHEREFORE, PREMISES CONSIDERED, Defendant Dallas Metro Holdings, LLC prays that Plaintiff and the Proposed Class take nothing by her/their suit, for an award of its costs and attorneys' fees, and for such and other relief to which Defendant may show itself justly entitled.

Respectfully submitted,

**ESPEY & ASSOCIATES, PC**
70 NE Loop 410, Suite 850
San Antonio, Texas 78216
Telephone: (210) 404-0333
Telecopier: (210) 404-0336

By: ______________________________________
RICHARD W. ESPEY
State Bar No. 06667580
JONATHAN N. DARNELL
State Bar No. 24001967
*Email: espeyservice@lawespey.com
*service by email to this address only

*ATTORNEYS FOR DEFENDANT DALLAS METRO HOLDINGS, LLC*

**CERTIFICATE OF SERVICE**

I certify that on **September 25, 2026**, a true and correct copy of the foregoing document has been forwarded through the CM/ECF system which will send notification of such filing to all counsel of record.

RICHARD W. ESPEY
JONATHAN N. DARNELL