UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KIMBERLY STARLING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NETWORTH REALTY, USA, LLC AND DALLAS METRO HOLDINGS LLC<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:26-CV-410-RP |

**DEFENDANTS NETWORTH REALTY, USA, LLC'S AND DALLAS METRO HOLDINGS LLC'S COMBINED UNOPPOSED MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTY**

Now come Defendants NetWorth Realty, USA, LLC and Dallas Metro Holdings, LLC (collectively "Defendants") and file this their Combined Unopposed Motion for Leave to Designate Responsible Third Party pursuant to Section 33.004 of the Texas Civil Practice and Remedies Code, and show as follows:

Plaintiff Kimberly Starling brings this lawsuit alleging she received two, unsolicited telemarketing calls in violation of the Telephone Consumer Protection Act ("TCPA"). *See* ECF No. 1, at 6. Plaintiff alleges the first call was made on June 5, 2025 and the second call was made on June 9, 2025. *Id.* Plaintiff alleges the foregoing calls were made to her residential phone number which was on the National Do Not Call Registry. *Id.* at 5-6. Plaintiff further alleges the phone number that made the foregoing calls to her did not have accurate caller name delivery functionality, because looking up the number provided only a geographic location instead of the caller's name. *See id.* at 7. Plaintiff alleges the foregoing calls and the lack of information tied to

the number that made the calls constitute violations of the TCPA. *Id.* at 11-12. Plaintiff further alleges the calls violated Section 302.101 of the Texas Business and Commerce Code because Defendants allegedly were not registered as telephone solicitors with the Texas Secretary of State when making "telephone solicitation calls." *Id.* at 13-14.

Plaintiff alleges that the calls at issue in this case were made by "Home Finders Network." *Id.* at 6. Defendants do not have a business or contractual relationship with Home Finders Network. Home Finders Network is a third party that apparently made the two calls about which Plaintiff complains.

Under Texas law, a defendant may designate persons or entities who bear responsibility for a plaintiff's injuries or damages as responsible third parties. *See* Tex. Civ. Prac. & Rem. Code § 33.004(a). "At the pleading stage, the proportionate responsibility statute requires that the defendant seeking to designate a responsible third party 'plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure.'" *In re Greyhound Lines, Inc.*, No. 05-13-01646-CV, 2014 WL 1022329, at *2 (Tex. App.—Dallas Feb. 21, 2014, no pet.) (quoting Tex. Civ. Prac. & Rem. Code § 33.004(g)(2)); *see also Sullivan v. City of Round Rock*, No. A-14-CV-349-AWA, 2017 WL 3015423, at *2 (W.D. Tex. July 14, 2017) ("The standard for designating a potentially responsible third party is notice pleading under the Texas Rules of Civil Procedure."). The Texas "'fair notice' standard for pleading is satisfied if the opposing party can ascertain from the pleading the nature and basic issues of the controversy, and what type of evidence might be relevant." *Greyhound*, 2014 WL 1022329, at *2 (citing *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007)). When deciding whether to grant a motion for leave to designate, "the trial court is restricted to evaluating the sufficiency

of the facts pleaded…and is not permitted to engage in an analysis of the truth of the allegations or consider evidence on the third party's ultimate liability." *Greyhound*, 2014 WL 1022329, at *2.

Texas Civil Practice & Remedies Code Section 33.011(6) defines, in pertinent part, a "Responsible Third Party" as "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." Tex. Civ. Prac. & Rem. Code § 33.011(6).

Texas federal courts have determined that Chapter 33 applies to Texas tort claims brought in federal court. *See e.g., Sullivan v. City of Round Rock*, No. A-14-CV-349-AWA, 2017 WL 3015423, at *3 (W.D. Tex. July 14, 2017) ("The Court finds it is proper to apply Chapter 33 to the tort claims in this case."). And more importantly, at least one Western District of Texas Court has determined that Chapter 33 applies to TCPA and Section 302.101 claims—which are the same types of claims Plaintiff brings in this lawsuit. *See Guadian v. Debtblue LLC*, No. EP-23-CV-329-KC, 2024 WL 89446, at *3 (W.D. Tex. Jan. 8, 2024) ("Chapter 33 applies to TCPA claims, and Defendants may designate responsible third parties for these claims….Texas law allows defendants to designate responsible third parties for section 302.101 claims.").[1]

Therefore, to the extent that the conduct described above violated the TCPA and the Texas Business and Commerce Code, then Defendants allege that Home Finders Network, by negligent act or omission and/or conduct or activity that violated an applicable legal standard, including but

[1] It is not clear in the *Guadian* Court's order whether the plaintiff's TCPA claims in that lawsuit were all based on the exact portion of the TCPA as Plaintiff's claims in this lawsuit. But that is of no consequence, because the *Guadian* court recognized that Chapter 33 applies generally to TCPA claims. *Guadian*, 2024 WL 89446, at *3 ("Accordingly, Chapter 33 applies to TCPA claims….").

not limited to the acts and omissions described above, caused or contributed to causing the alleged phone calls that Plaintiff alleges were in violation of the TCPA and the Texas Business and Commerce Code for which she seeks recovery. Consequently, Defendants move to designate Home Finders Network as a responsible third party pursuant to Section 33.004 of the Texas Civil Practice and Remedies Code.

Finally, Plaintiff does not oppose this motion for leave to designate Home Finders Network as a responsible third party.

WHEREFORE, Defendants NetWorth Realty, USA, LLC and Dallas Metro Holdings, LLC respectfully request that the Court grant this Motion for Leave to Designate Responsible Third Party, designate Home Finders Network as a responsible third party pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, and grant Defendants all other relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

**SCOTT DOUGLASS & MCCONNICO LLP**
Colorado Tower
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300 (Telephone)
(512) 495-6399 (Facsimile)

By: */s/ John W. Ellis*
Stephen E. McConnico
Texas Bar No. 13450300
smcconnico@scottdoug.com
John W. Ellis
Texas Bar No. 24078473
jellis@scottdoug.com
Stephen Burbank
Texas Bar No. 24109672
sburbank@scottdoug.com

**ATTORNEYS FOR DEFENDANT**
**NETWORTH REALTY USA, LLC**

**ESPEY & ASSOCIATES, PC**
70 NE Loop 410, Suite 850
San Antonio, Texas 78216
Telephone: (210) 404-0333
Telecopier: (210) 404-0336

By: */s/ Jonathan N. Darnell*
RICHARD W. ESPEY
State Bar No. 06667580
JONATHAN N. DARNELL
State Bar No. 24001967
*Email: espeyservice@lawespey.com
*service by email to this address only

**ATTORNEYS FOR DEFENDANT DALLAS METRO HOLDINGS, LLC**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for NetWorth Realty USA, LLC ("NetWorth") conferred with counsel for Plaintiff, and that Plaintiff is unopposed to NetWorth's motion for leave to designate Home Finders Network as a responsible third party.

*/s/ Stephen Burbank*
Stephen Burbank

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Dallas Metro Holdings, LLC ("Dallas Metro") conferred with counsel for Plaintiff, and that Plaintiff is unopposed to Dallas Metro's motion for leave to designate Home Finders Network as a responsible third party.

*/s/ Jon Darnell*
Jon Darnell

**CERTIFICATE OF SERVICE**

I certify that on **September 25, 2026**, a true and correct copy of the foregoing document has been forwarded through the CM/ECF system which will send notification of such filing to all counsel of record.

_*/s/ Stephen Burbank*________________________
Stephen Burbank