**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| KIMBERLY STARLING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NETWORTH REALTY, USA, LLC<br><br>AND DALLAS METRO HOLDINGS LLC<br><br>Defendants. | Case No. 1:26-cv-00410-RP<br><br>CLASS ACTION |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE**
**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Kimberly Starling respectfully moves, pursuant to Federal Rules of Civil Procedure 15(a)(2), 20(a)(2), and 21, for leave to file the First Amended Class Action Complaint attached as Exhibit A. A redline comparing the proposed First Amended Complaint against the operative Complaint is attached as Exhibit B, and a proposed order is submitted herewith. This Motion is timely filed within the deadline to amend pleadings and join parties set by the Court's Scheduling Order.

The amendment joins the three participants in the calls at issue that the existing Defendants' own disclosures, discovery responses, and production have placed squarely in issue, while simultaneously disclaiming them: (1) NetWorth Realty of Dallas/Fort Worth, LLC, also known as NetWorth Realty of Dallas, LLC ("NetWorth DFW"), the NetWorth-branded brokerage that sponsored and supervised the agent who solicited Plaintiff; (2) Tim Ball, that agent; and (3) Synergy Data Group, S.A., d/b/a "Home Finders Network" ("HFN"), a Panamanian telemarketer that placed the calls and transferred Plaintiff to Mr. Ball. The amendment does not alter the factual

allegations concerning the calls and adds no new claims against the existing Defendants. It adds the new parties and pleads the relationships between and among all five Defendants, and the resulting direct and vicarious liability of each.

## BACKGROUND

### A. The Calls and the Original Complaint.

This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and Texas Business and Commerce Code § 302.101. Plaintiff alleges that in June 2025 she received two telemarketing calls from caller ID (469) 212-1831 to her residential telephone number, which was registered on the National Do Not Call Registry. On the second call, on June 9, 2025, the caller identified himself as calling from "Home Finders Network," took down Plaintiff's information, gauged her interest, and transferred her to "his real estate agent," Mr. Ball, a Realtor with "NetWorth Realty of Dallas." Mr. Ball solicited real estate services and, the next day, sent Plaintiff a contract under which Defendant Dallas Metro Holdings LLC would purchase her property, listing himself as the agent. Plaintiff originally sued Metro Holdings and NetWorth Realty USA, LLC ("NetWorth").

### B. The Existing Defendants Point to Absent Participants And Show an Integrated Operation.

In their Rule 26(a)(1) disclosures, both existing Defendants identified Mr. Ball, personnel of the NetWorth Dallas brokerage, and "The Home Finders Network" as persons with knowledge of the calls. But in their August 7, 2026 discovery responses, each sought to shift responsibility to those same absent participants. NetWorth averred that "Tim Ball may have worked with Home Finders Network to contact Plaintiff Starling," that Mr. Ball "was an independent contractor of non-party NetWorth Realty of Dallas/Fort Worth, LLC," and that NetWorth "has no relationship with Home Finders Network." Metro Holdings answered that it "did not employ Mr. Ball nor did

it have any contractual relationship with him with respect to Plaintiff's property," that Mr. Ball is an independent contractor of "NetWorth Realty of Dallas, LLC" (a differently named entity), and that Mr. Ball "utilized a third party service called Home Finders Network." Neither Defendant has identified who operates Home Finders Network; both identified it only by a website and a generic email address. Plaintiff subsequently identified Home Finders Network as Synergy Data Group.

The existing Defendants' own documents tell a different story. NetWorth identified Mark Bloom as an officer, member, and/or manager of NetWorth, Metro Holdings, *and* NetWorth DFW, and Mr. Bloom supplied the interrogatory answers for *both* NetWorth *and* Metro Holdings. NetWorth admits that it licenses its proprietary "CASH" lead data system and its "Company Policies & Procedures" to NetWorth DFW, and those policies govern sales associates', like Mr. Ball's, telephone solicitation, including a "Cold Calling Policy." Mr. Bloom signed Mr. Ball's independent contractor agreement as broker, under which Mr. Ball agreed to "solicit listings and prospects for Broker's real estate business" exclusively for the broker. Metro Holdings, which claims to have no employees, designated Mr. Ball's own licensed supervisor, NetWorth DFW's general manager, as an authorized signatory for its real estate purchases. And NetWorth publicly celebrated Mr. Ball as "our Sr. Acquisition Associate" and "the company's Agent of the Month."

In short, each existing Defendant's position is that the calls were the work of someone else who is not before the Court. The amendment brings those persons before the Court.

## ARGUMENT

### A. Leave to Amend Should Be Freely Given Under Rule 15(a)(2).

A court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "evinces a bias in favor of granting leave to amend," *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), and "unless there is a substantial reason to deny leave to amend,

the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The relevant considerations are undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). None is present.

<u>No undue delay or dilatory motive.</u> This is Plaintiff's first request to amend, and it is filed within the Court's deadline for amending pleadings and joining parties. Plaintiff has moved promptly after the existing Defendants served their August 7, 2026 discovery responses and production and subsequent meet and confer, which disclosed the NetWorth DFW relationships, the inconsistent entity names, and the existing Defendants' positions that Mr. Ball and HFN, not they, are responsible for the calls. Plaintiff's pleading moved because the facts, and the existing Defendants' positions, moved.

<u>No prejudice.</u> The amendment adds no new claims against NetWorth or Metro Holdings and does not change the factual allegations concerning the two calls. It arises from the same calls, on behalf of the same putative classes, and the relationships it pleads are drawn from the existing Defendants' own disclosures and documents. Both existing Defendants listed Mr. Ball, NetWorth DFW personnel, and HFN in their initial disclosures, so the identity and involvement of each new Defendant has been within their knowledge from the outset. Discovery remains open, and no class certification or trial deadline is imminent. That an amended pleading causes some inconvenience to existing parties is not the kind of undue prejudice that warrants denial. *Molina v. Caliber Home Loans, Inc.*, No: 3:15-CV-00757, 2016 WL 3660621, at *5 (N.D. Tex. Mar. 15, 2016).

<u>No futility.</u> Futility is measured under the Rule 12(b)(6) standard, accepting the proposed pleading's well-pleaded facts as true. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir.

2000). The claims easily clear that bar. The direct liability claim against HFN is as plain as a TCPA claim gets, an entity that initiates telemarketing calls to a residential number on the National Do Not Call Registry, without consent and without transmitting its name, violates the statute. 47 U.S.C. § 227(c)(5); 47 C.F.R. §§ 64.1200(c)(2), 64.1601(e). Mr. Ball personally made the telephone solicitation on the transferred call, and a corporate agent who personally participates in or directs TCPA violations is personally liable for them. *See Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001). And the vicarious liability claims against NetWorth DFW, NetWorth, and Metro Holdings rest on settled law: "under federal common-law principles of agency, there is vicarious liability for TCPA violations." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168 (2016) (citing *In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6574 (2013)).

Here, a Panamanian telemarketer hired by Mr. Ball, a NetWorth agent, placed calls to generate transfers for him, and who solicited Plaintiff on behalf of a NetWorth-affiliated buyer, Dallas Metro. The proposed amendment pleads specific facts supporting actual authority, apparent authority, and ratification as to each principal, including the independent contractor agreement and brokerage policies governing Mr. Ball's solicitation, NetWorth's public holding out of Mr. Ball as its own agent, and Metro Holdings' adoption of Mr. Ball as its agent. Whether those relationships ultimately give rise to liability is a fact-intensive question for discovery, not a basis to deny leave. *See, e.g.*, *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 788 (E.D. Mich. 2020); *Hastings v. Triumph Prop. Mgmt. Corp.*, No. 2:16-cv-00213-JAD-PAL, 2017 WL 388809, at *2-3 (D. Nev. Jan. 26, 2017) (granting amendment adding a party as a primary defendant). Nor may the existing Defendants assert "futility" arguments that belong only to the new parties, such as an argument that Mr. Ball or HFN had nothing to do with the calls. *See Conrad v. Lopez De Lasalle*, 681 F. Supp. 3d 371, 380 (D.N.J. 2023).

**B. Joinder of the New Defendants Is Proper Under Rules 20 and 21.**

Rule 20 permits joinder of defendants where the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 21 permits the Court to add a party "at any time, on just terms." Fed. R. Civ. P. 21. Under the Federal Rules, "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Both requirements are satisfied here. The claims against every Defendant arise from the same two calls, and the central questions, including who placed the calls, on whose behalf, and under what relationships, are common to all of them.

Joinder is also the only way to resolve those questions efficiently and consistently. The existing Defendants' defense is, in substance, an empty chair: the calls, they say, were the work of an "independent contractor" of a "non-party" brokerage and a "third party service" they cannot identify. Plaintiff has identified them and now seeks leave to join them. If those participants are not joined, Plaintiff and the putative class would be forced to pursue a second action arising from the very same calls, with a second round of pleadings and discovery and a real risk of inconsistent determinations on the single question of who is responsible for the calls. Granting leave allows the Court to resolve claims arising from the same conduct against all of the parties alleged to have committed it, in one forum and on one discovery record, precisely what Rules 15, 20, and 21 (not to mention Rule 23) are designed to facilitate.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion, direct the Clerk to file the First Amended Class Action Complaint attached as Exhibit A as the operative complaint in this matter, and grant such further relief as the Court deems just and proper.

Dated: September 25, 2026

Respectfully submitted,

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), I certify that on September 9, 2026 counsel for Plaintiff conferred with counsel for Defendant NetWorth Realty USA, LLC and counsel for Defendant Dallas Metro Holdings LLC regarding the relief requested in this Motion by videoconference. An agreement could not be reached without seeing the scope of the amendment, although the existing Defendants have subsequently filed motions to add Home Finders Network as a party.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.

**CERTIFICATE OF SERVICE**

I certify that on September 25, 2026, I filed the foregoing via the Court's CM/ECF system, which will automatically send a copy to all attorneys of record.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.