**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| KIMBERLY STARLING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NETWORTH REALTY, USA, LLC, DALLAS METRO HOLDINGS LLC, NETWORTH REALTY OF DALLAS/FORT WORTH, LLC, a/k/a NETWORTH REALTY OF DALLAS, LLC, TIM BALL, and SYNERGY DATA GROUP, S.A. D/B/A “HOME FINDERS NETWORK”<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 1:26-CV-00410-RP<br><br>JURY TRIAL DEMANDED |

**DEFENDANT NETWORTH REALTY, USA, LLC’S ANSWER TO PLAINTIFF’S FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant NetWorth Realty, USA, LLC (“Defendant” or “NetWorth”) files this Answer to Plaintiff’s First Amended Class Action Complaint (“Complaint”). Defendant reserves the right to amend this Answer if and when it becomes appropriate to do so. Except as expressly admitted below, Defendant denies each and every allegation set forth in the Complaint. Defendant responds to the numbered paragraphs of the Complaint and prayer for relief as follows:

The unnumbered paragraph at the beginning of the Complaint contains statements to which no response is necessary. To the extent any response to any allegations contained in this paragraph is necessary, Defendant denies such allegations.

1. Defendant admits that the quoted language in paragraph 1 of the Complaint is selectively taken from the authority cited therein, and the authority speaks for itself. Defendant otherwise denies the allegations in paragraph 1.

2. Defendant admits that the quoted language in paragraph 2 of the Complaint is selectively taken from the authority cited therein, and the authority speaks for itself. Defendant otherwise denies the allegations in paragraph 2.

3. Defendant admits that Plaintiff purports to bring this action as a class action. Defendant otherwise denies the allegations in paragraph 3.

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first clause in the first sentence of paragraph 4. Defendant admits that Plaintiff purports to bring this action on behalf of a proposed nationwide class. Defendant denies the allegations of "illegal" activity attributed to Defendant in the second clause of paragraph 4.

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5.

6. Admitted.

7. Defendant lacks knowledge or information as to how Plaintiff defines the term "affiliated company" in paragraph 7, but it denies owning or controlling Dallas Metro Holdings LLC. Defendant admits that, based on public records, Dallas Metro Holdings, LLC's registered agent is in Austin, Texas.

8. Defendant admits the first sentence of paragraph 8. It also admits that it understands that the terms "NetWorth Realty of Dallas/Fort Worth, LLC," "Net Worth Realty of Dallas-Fort Worth, LLC" and "NetWorth Realty of Dallas, LLC" as allegedly used by Defendant refer to the same entity.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9.

10. Defendant admits that it has identified "Home Finders Network" by website and email address. Defendant admits that it had no relationship with it or Synergy Data Group, S.A. at all relevant times. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 10.

11. Paragraph 11 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 11 is necessary, Defendant admits that Plaintiff purports to bring claims under 47 U.S.C. § 227, but Defendant denies that any factual or legal basis exists for any of Plaintiff's claims against Defendant in this action, or that Plaintiff is entitled to any relief from Defendant.

12. Paragraph 12 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 12 is necessary, Defendant does not contest that the Court has supplemental jurisdiction over Plaintiff's claims under the Texas Business and Commerce Code.

13. Paragraph 13 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 13 is necessary, Defendant does not contest that it is subject to the personal jurisdiction of this Court, but denies that any factual or legal basis exists for any of Plaintiff's claims, or that Plaintiff is entitled to any relief from Defendant.

14. Paragraph 14 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 14 is necessary, Defendant does not contest that venue is proper in this district, but denies that any factual or legal basis exists for any of Plaintiff's claims, or that Plaintiff is entitled to any relief from Defendant.

15. The heading "A." before paragraph 15 contains statements to which no response is necessary. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15.

16. Paragraph 16 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 16 is necessary, the authority speaks for itself. To the extent paragraph 16 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

17. Paragraph 17 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 17 is necessary, the authority speaks for itself. To the extent paragraph 17 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

18. Paragraph 18 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 18 is necessary, the authority speaks for itself. To the extent paragraph 18 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

19. Paragraph 19 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 19 is necessary, the authority speaks for itself. To the extent paragraph 19 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

20. The heading "B." before paragraph 20 and paragraph 20 state legal conclusions to which no response is necessary. To the extent any response to the allegations contained in the heading "B." or paragraph 20 is necessary, the authority speaks for itself. To the extent paragraph

20 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

21. Paragraph 21 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 21 is necessary, the authority speaks for itself. To the extent paragraph 21 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

22. Paragraph 22 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 22 is necessary, the authority speaks for itself. To the extent paragraph 22 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

23. The heading "C." before paragraph 23 contains statements to which no response is necessary. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first clause in the first sentence of paragraph 23. The remainder of paragraph 23 states legal conclusions to which no response is necessary. To the extent any response to the remaining allegations contained in paragraph 23 is necessary, the authority speaks for itself. To the extent paragraph 23 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

24. Paragraph 24 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 24 is necessary, the authority speaks for itself. To the extent paragraph 24 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

25. Paragraph 25 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 25 is necessary, the authority speaks

for itself. To the extent paragraph 25 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

26. Paragraph 26 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 26 is necessary, the authority speaks for itself. To the extent paragraph 26 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

27. The heading "D." before paragraph 27 does not contain statements to which a response is necessary. To the extent the heading "D." alleges wrongdoing on Defendant's part, Defendant denies it. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27.

28. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28.

29. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29.

30. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30.

31. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32.

33. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33.

34. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34.

35. Defendant denies that Plaintiff received a call from it on June 9, 2025. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 35.

36. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36.

37. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37.

38. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38.

39. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39.

40. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40.

41. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41.

42. Defendant admits the allegation in paragraph 42 that it is not registered as a telephone solicitor with the Texas Secretary of State, but denies any allegation that it needs to be.

43. Denied.

44. Defendant denies any allegation in paragraph 44 that “Five9” is its “calling carrier.” Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 44.

45. Defendant denies any allegation in paragraph 45 that “Five9” is its “telephone carrier.” Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 45.

46. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46.

47. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 47.

48. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 48.

49. Denied.

50. Defendant admits that Plaintiff never did business with it. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 50.

51. Denied.

52. Denied.

53. Denied.

54. The heading “E.” before paragraph 54 does not contain statements to which a response is necessary. To the extent the heading “E.” alleges wrongdoing on Defendant’s part, Defendant denies. Defendant denies the allegations in paragraph 54.

55. Defendant admits that it owns the website networthrealtyusa.com and the NetWorth Realty brand. Defendant further admits that the website includes pages referring to “NetWorth Realty of Dallas” and that certain inquiry forms on the website state that, by submitting the form, the submitter agrees to allow “NetWorth Realty USA and its affiliated companies” to contact the

submitter. Defendant admits that these referenced documents speak for themselves. To the extent paragraph 55 is inconsistent with, mischaracterizes, or incompletely states the referenced documents, Defendant denies it. Defendant denies any implication that the website language establishes agency, control, liability, or the legal relationship Plaintiff alleges exists between the defendants.

56. Defendant admits that it provides its licensee NetWorth DFW with access to NetWorth's proprietary CASH system. Defendant further admits that Ms. Gardner is responsible for managing technical aspects of the CASH system licensed to other entities. Defendant admits that its current understanding is that that Tim Ball had access to the CASH system through NetWorth DFW. Defendant admits that these referenced documents speak for themselves. To the extent paragraph 56 is inconsistent with, mischaracterizes, or incompletely states the referenced documents, Defendant denies it. Defendant denies the remaining allegations in paragraph 56, including any implication that the CASH system was used to contact Plaintiff or that Defendant is liable for the calls alleged in the First Amended Complaint.

57. Defendant admits that it provides its licensee NetWorth DFW with Company Policies & Procedures. Defendant admits that the policies include provisions concerning advertising, marketing, certain communications, and cold calling. Defendant admits that these referenced documents speak for themselves. To the extent paragraph 57 is inconsistent with, mischaracterizes, or incompletely states the referenced documents, Defendant denies it. Defendant denies the remaining allegations in paragraph 57 to the extent they imply that Defendant controlled, authorized, or is liable for the calls alleged by Plaintiff.

58. Defendant admits that it stated in discovery its current understanding that, when and if Tim Ball contacted Plaintiff, he did so without using the CASH system. Defendant admits

that the referenced discovery speaks for itself. To the extent paragraph 58 is inconsistent with, mischaracterizes, or incompletely states the referenced discovery, Defendant denies it. Defendant denies the remaining allegations in paragraph 58.

59. Defendant admits that records reflect that Tim Ball accepted a user agreement on October 30, 2024. Defendant further admits that the CASH PI user agreement contains provisions concerning responsibility for claims arising from alleged violations of do-not-call rules or the National Do Not Call Registry. Defendant admits that the referenced documents speak for themselves. To the extent paragraph 59 is inconsistent with, mischaracterizes, or incompletely states the referenced documents, Defendant denies it. Defendant denies the remaining allegations in paragraph 59, including that Defendant knew Tim Ball or Home Finders Network would make the calls alleged by Plaintiff, that Defendant anticipated such calls would generate claims against it, or that Defendant is liable for such claims.

60. Defendant admits that its initial disclosures identified Mark Bloom as an officer, member, and/or manager of Defendant, Dallas Metro Holdings, LLC, and Net Worth Realty of Dallas-Fort Worth, LLC, and as a person with knowledge regarding NetWorth and its affiliates' corporate structures and relationships. Defendant admits that Mark Bloom provided information used to answer Defendant's interrogatories. Defendant admits that certain records identify Mr. Bloom as a designated broker and list a networthrealtyusa.com email address for him. Defendant admits that the referenced documents speak for themselves. To the extent paragraph 60 is inconsistent with, mischaracterizes, or incompletely states the referenced documents, Defendant denies it. Defendant denies any remaining allegations in paragraph 60 to the extent they imply liability, agency, ratification, or control related to the alleged calls.

61. Defendant admits that Dallas Metro Holdings, LLC is a Texas limited liability company and that corporate records identify Mark Scott Bloom and Amy Elizabeth Bloom as managers and/or members of Dallas Metro Holdings, LLC. Defendant admits that certain Dallas Metro Holdings, LLC records list 5014 McKinney Avenue, Dallas, Texas 75205. Defendant admits that records associated with NetWorth Realty of Dallas identify 5014 McKinney Avenue, Dallas, Texas 75205. Defendant denies that Tim Ball operates from that address. Defendant denies that any shared or overlapping address establishes agency, alter ego, operational control, ratification, or liability.

62. Defendant admits that Dallas Metro's discovery responses speak for themselves. To the extent paragraph 62 is inconsistent with, mischaracterizes, or incompletely states the referenced documents, Defendant denies it.

63. Defendant admits that the referenced documents speak for themselves. To the extent paragraph 63 is inconsistent with, mischaracterizes, or incompletely states the referenced documents, Defendant denies it.

64. Defendant admits that the Independent Contractor Agreement for Sales Associate apparently referenced in paragraph 64 speaks for itself. To the extent paragraph 64 is inconsistent with, mischaracterizes, or incompletely states that agreement, Defendant denies it.

65. Defendant admits that the Independent Contractor Agreement for Sales Associate apparently referenced in paragraph 65 speaks for itself. To the extent paragraph 65 is inconsistent with, mischaracterizes, or incompletely states that agreement, Defendant denies it.

66. Defendant admits that the Brokerage Policies and Procedures Acknowledgment and Agreement referenced in paragraph 66 speaks for itself. To the extent paragraph 66 is inconsistent with, mischaracterizes, or incompletely states that document, Defendant denies it.

67. Paragraph 67 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 67 is necessary, the authority speaks for itself. To the extent paragraph 67 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

68. Defendant admits that the referenced documents speak for themselves. To the extent paragraph 68 is inconsistent with, mischaracterizes, or incompletely states the referenced documents, Defendant denies it. Defendant denies the remaining allegations in paragraph 68, including that Defendant held Mr. Ball out as Defendant's agent for purposes of the calls alleged by Plaintiff.

69. Defendant admits that the social media post speaks for itself. To the extent paragraph 69 is inconsistent with, mischaracterizes, or incompletely states the referenced post, Defendant denies it. Defendant denies the remaining allegations in paragraph 69, including any implication that the post made Tim Ball Defendant's agent for purposes of the calls alleged by Plaintiff.

70. Defendant admits that the social media post speaks for itself. To the extent paragraph 70 is inconsistent with, mischaracterizes, or incompletely states the referenced post, Defendant denies it. Defendant denies any remaining allegations in paragraph 70, including any implication that the post made Tim Ball Defendant's agent for purposes of the calls alleged by Plaintiff.

71. Defendant admits that the documents referenced in paragraph 71 speak for themselves. To the extent paragraph 71 is inconsistent with, mischaracterizes, or incompletely states those documents, Defendant denies it.

72. Defendant admits that the documents referenced in paragraph 72 speak for themselves. To the extent paragraph 72 is inconsistent with, mischaracterizes, or incompletely states those documents, Defendant denies it.

73. Defendant admits that the documents referenced in paragraph 73 speak for themselves. To the extent paragraph 73 is inconsistent with, mischaracterizes, or incompletely states those documents, Defendant denies it.

74. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 74.

75. Defendant admits that the discovery referenced in paragraph 75 speaks for itself. To the extent paragraph 75 is inconsistent with, mischaracterizes, or incompletely states that discovery, Defendant denies it.

76. Defendant denies any allegation that Home Finders Network was Defendant's agent, vendor, or representative. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 76.

77. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's subjective perspective and therefore denies the allegations in paragraph 79. Defendant denies that the alleged call was a single transaction for which Defendant is liable.

80. Defendant lacks knowledge or information sufficient to form a belief as to the relationship between Tim Ball and Home Finders Network. Defendant denies the remaining allegations in paragraph 80.

81. Defendant admits that in discovery, it stated that based on Plaintiff's pleadings, Tim Ball may have worked with Home Finders Network to contact Plaintiff and that Tim Ball was an independent contractor of NetWorth DFW. Defendant admits that it stated its current understanding that, when and if Tim Ball contacted Plaintiff, he did so without using the CASH system. Defendant admits that the referenced discovery speaks for itself. To the extent paragraph 81 is inconsistent with, mischaracterizes, or incompletely states the referenced discovery, Defendant denies it. Defendant denies the remaining allegations in paragraph 81, including Plaintiff's characterization of those statements and any implication that Defendant is liable for the alleged calls.

82. The heading "F." before paragraph 82 does not contain statements to which a response is necessary. To the extent the heading "F." alleges wrongdoing on Defendant's part, Defendant denies it. Defendant admits that it stated in discovery that Tim Ball was an independent contractor of NetWorth DFW and that Defendant had no relationship with Home Finders Network at the relevant times. Defendant denies Plaintiff's characterization that Defendant "attempted to distance" itself from Tim Ball or Home Finders Network. Defendant admits that the referenced discovery speaks for itself. To the extent paragraph 82 is inconsistent with, mischaracterizes, or incompletely states the referenced discovery, Defendant denies it.

83. Defendant admits that the discovery referenced in paragraph 83 speaks for itself. To the extent paragraph 83 is inconsistent with, mischaracterizes, or incompletely states the referenced discovery, Defendant denies it. Defendant denies any remaining allegations in

paragraph 83, including any implication that Defendant concealed the identity of Home Finders Network or acted inconsistently in a manner supporting liability.

84. Denied.

85. The heading "G." before paragraph 85 does not contain statements to which a response is necessary. To the extent the heading "G." alleges wrongdoing on Defendant's part, Defendant denies it. paragraph 85 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 85 is necessary, the authority speaks for itself. To the extent paragraph 85 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

86. Paragraph 86 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 86 is necessary, the authority speaks for itself. To the extent paragraph 86 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

87. Paragraph 87 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 87 is necessary, the authority speaks for itself. To the extent paragraph 87 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

88. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Home Finders Network in paragraph 88. Defendant denies that Home Finders Network or Five9 acted as Defendant's agent, vendor, or representative.

89. Defendant lacks knowledge or information sufficient to form a belief as to whether Tim Ball procured, accepted, or paid for Home Finders Network call transfers and therefore denies those allegations. Defendant denies that Tim Ball acted as Defendant's agent or representative in

connection with the alleged calls and denies that Defendant is liable for the alleged conduct described in paragraph 89.

90. Defendant denies that any alleged authorization or ratification by Tim Ball binds Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 90.

91. Paragraph 91 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 91 is necessary, Defendant denies the allegations.

92. Paragraph 92 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 92 is necessary, Defendant denies the allegations.

93. Paragraph 93 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 93 is necessary, Defendant denies the allegations.

94. Paragraph 94 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 94 is necessary, Defendant admits that it provides a license to NetWorth DFW. Defendant admits that it provides certain licensees access to the CASH system and Company Policies & Procedures. Defendant admits that its Initial Disclosures identified Mark Bloom as an officer, member, and/or manager of Defendant, Dallas Metro Holdings, LLC, and NetWorth DFW. Defendant denies that it is vicariously liable for the calls alleged by Plaintiff, that it monitored Tim Ball's alleged prospecting activity in the manner alleged, or that it is liable for any alleged calls placed by Home Finders Network or Tim Ball.

95. Defendant admits that the License and Management Services Agreement provides for NetWorth DFW to pay Defendant a license fee calculated under that agreement. Defendant denies any remaining allegations in paragraph 95 to the extent they imply that any such fee creates liability for the calls alleged by Plaintiff.

96. Paragraph 96 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 96 is necessary, Defendant admits that the social media posts and documents referenced speak for themselves. To the extent paragraph 96 is inconsistent with, mischaracterizes, or incompletely states the referenced discovery, Defendant denies it. Defendant denies that Tim Ball was Defendant's agent for purposes of the alleged calls, denies that Plaintiff reasonably understood she was dealing with Defendant in connection with the alleged calls, denies that Defendant ratified any alleged calls, and denies any remaining allegations in paragraph 96.

97. Paragraph 97 states legal conclusions to which no response is necessary. Paragraph 97 is also directed toward another party and, as such, no response from Defendant is necessary. To the extent any response to the allegations contained in paragraph 97 is necessary, Defendant admits that the documents and discovery referenced in paragraph 97 speak for themselves. To the extent paragraph 97 is inconsistent with, mischaracterizes, or incompletely states the referenced documents or discovery, Defendant denies it.

98. Paragraph 98 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 98 is necessary, Defendant denies it.

99. Paragraph 99 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 99 is necessary, Defendant denies it.

100. Denied.

101. Paragraph 101 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 101 is necessary, Defendant denies it.

102. Paragraph 102 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 102 is necessary, Defendant denies it.

103. Defendant admits that it is not registered as a telephone solicitor with the Texas Secretary of State, but denies any allegation that it needs to be. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 103.

104. Paragraph 104 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 104 is necessary, Defendant denies it.

105. Defendant admits that Plaintiff purports to bring this case on behalf of the classes defined in paragraph 105. Defendant otherwise denies the allegations in paragraph 105.

106. Paragraph 106 does not include any allegations that require a response. To the extent any response to the allegations contained in paragraph 106 is necessary, Defendant denies the allegations.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Paragraph 113 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 113 is necessary, Defendant denies the allegations.

114. Paragraph 114, including each subpart, states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 114, including each subpart, is necessary, Defendant denies the allegations.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. To the extent paragraph 120 incorporates prior allegations in the Complaint, Defendant incorporates its prior responses to same.

121. Paragraph 121 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 121 is necessary, Defendant denies it.

122. Paragraph 122 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 122 is necessary, Defendant denies it.

123. Paragraph 123 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 123 is necessary, Defendant denies it.

124. Paragraph 124 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 124 is necessary, Defendant denies it.

125. Paragraph 125 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 125 is necessary, Defendant denies it.

126. To the extent paragraph 126 incorporates prior allegations in the Complaint, Defendant incorporates its responses to same.

127. Paragraph 127 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 127 is necessary, the authority speaks for itself. To the extent paragraph 127 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

128. Paragraph 128 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 128 is necessary, the authority speaks for itself. To the extent paragraph 128 is inconsistent with, mischaracterizes, or incompletely states the cited authority, Defendant denies it.

129. Paragraph 129 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 129 is necessary, Defendant denies it.

130. Paragraph 130 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 130 is necessary, Defendant denies it.

131. Paragraph 131 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 131 is necessary, Defendant denies it.

132. Paragraph 132 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 132 is necessary, Defendant denies it.

133. Paragraph 133 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 133 is necessary, Defendant denies it.

134. To the extent paragraph 134 incorporates prior allegations in the Complaint, Defendant incorporates its responses to same.

135. Paragraph 135 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 135 is necessary, Defendant denies it.

136. Paragraph 136 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 136 is necessary, Defendant denies it.

137. Paragraph 137 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 137 is necessary, Defendant denies it.

138. Paragraph 138 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in paragraph 138 is necessary, Defendant denies it.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiff, or any putative class, is entitled to the relief requested or to any relief, and denies any and all allegations of the Complaint except as specifically admitted above.

## ANSWER TO JURY DEMAND

Defendant admits that Plaintiff demands a trial by jury for all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant affirmatively states the following affirmative and other defenses. By listing a defense or issue below, Defendant does not admit that it bears the burden of proof on the issue or defense and reserves its right to contend that Plaintiff bears the burden of proof on the issue. Further, Defendant pleads these defenses in the alternative.

1. Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

2. In addition or in the alternative, Plaintiff's claims are barred, in whole or in part, because Defendant did not make the calls alleged in the Complaint.

3. In addition or in the alternative, Plaintiff's claims are barred, in whole or in part, because Defendant is not vicariously liable for the calls alleged in the Complaint, which were made by third parties.

4. In addition or in the alternative, any alleged injury Plaintiff allegedly sustained was caused, in whole or in part, by the acts or omissions of third parties over which Defendant had no control, which constitute intervening and superseding causes that bar, in whole or in part, recovery against Defendant.

5. In addition or in the alternative, to the extent Defendant is found to have made or be liable for calls or solicitations (which it denies), Plaintiff's claims are barred, in whole or in part, by the safe harbor provision in 47 C.F.R. § 64.1200(c)(2)(i).

6. In addition or in the alternative, to the extent Defendant is found to have made or be liable for calls or solicitations (which it denies), Plaintiff's claims are barred, in whole or in part, by the affirmative defense listed in 47 U.S.C. § 227(c)(5).

7. In addition or in the alternative, to the extent Defendant is found to have made or be liable for calls (which it denies), Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's express invitation or permission to be contacted was obtained. *See* 47 C.F.R. § 64.1200(c)(2)(ii); *see also* 47 U.S.C. § 227(a)(4).

8. In addition or in the alternative, to the extent Defendant is found to have made or be liable for calls (which it denies), Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff had an established business relationship with the caller. *See* 47 U.S.C. § 227(a)(4); *see also* 47 C.F.R. § 64.1200(f).

9. In addition or in the alternative, Plaintiff's claims are barred, in whole or in part, because the calls at issue do not constitute "telephone solicitation" under 47 U.S.C. § 227(a)(4).

10. In addition or in the alternative, any violation of the TCPA and/or its regulations (which Defendant denies) was not done willfully or knowingly.

11. In addition or in the alternative, Plaintiff's suit is barred due to lack of standing because she did not suffer an injury-in-fact that is fairly traceable to conduct by Defendant.

12. In addition or in the alternative, Plaintiff's claim under Texas Business and Commerce Code § 302 is barred, in whole or in part, because Defendant is not a "seller" or "salesperson" who made a "telephone solicitation" to Plaintiff.

13. In addition or in the alternative, to the extent Defendant is found to have made or be liable for calls or solicitations (which it denies), Plaintiff's claim under Texas Business and Commerce Code § 302 is barred because, Defendant is informed and believes, that Texas Business and Commerce Code § 302.059 applies.

14. In addition or in the alternative, to the extent Defendant is found to have made or be liable for calls or solicitations (which it denies) Plaintiff's claim under Texas Business and Commerce Code § 302 is barred because, Defendant is informed and believes, that Texas Business and Commerce Code § 302.061 applies.

15. In addition or in the alternative, to the extent Plaintiff suffered any damages, which Defendant denies, Plaintiff failed to mitigate her alleged damages, and any recovery must be reduced accordingly.

16. In addition or in the alternative, Plaintiff's COUNT II is barred because the authority Plaintiff relies on (47 C.F.R. § 64.1601(e)) does not create a private right of action.

17. In addition or in the alternative, the class action damages sought are unconstitutional because they are wholly disproportionate to the alleged offense and obviously unreasonable.

18. In addition or in the alternative, to the extent Plaintiff's claims relate to conduct beyond the applicable statute of limitations, such claims are barred.

19. In addition or in the alternative, Plaintiff's requested relief should be barred, in whole or in part, due to the doctrine of laches.

20. In addition or in the alternative, to the extent Defendant is found to have made or be liable for calls or solicitations (which it denies), Plaintiff's claims and/or requested relief should

be barred, in whole or in part, due to quasi-estoppel/estoppel, waiver, and/or consent, based on Plaintiff's conduct.

21. In addition or in the alternative, Defendant invokes Chapter 33 of the Texas Civil Practice and Remedies Code (proportionate responsibility) and asserts that, in the unlikely event that Defendant violated some applicable legal standard, Plaintiff's conduct contributed to her alleged damages. Pursuant to Chapter 33, the trier of fact should determine the percentage of responsibility of Plaintiff with respect to her causing or contributing to cause in any way the harm for which recovery of damages is sought.

22. In addition or in the alternative, Defendant invokes Chapter 33 of the Texas Civil Practice and Remedies Code (proportionate responsibility) and asserts that, in the unlikely event that Defendant violated some applicable legal standard, Synergy Data Group, S.A. d/b/a Home Finders Network caused or contributed to causing the harm for which recovery of damages is sought. Pursuant to Chapter 33, the trier of fact should determine the percentage of responsibility of Home Finders Network with respect to causing or contributing to cause in any way the harm for which Plaintiff is seeking recovery of damages.

23. Defendant hereby reserves the right to amend its Answer, to add to, amend, withdraw, or modify these defenses, at law or in equity, as its investigation continues and as discovery may require.

**WHEREFORE**, Defendant respectfully requests judgment dismissing the Complaint in its entirety and awarding costs and attorneys' fees, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

SCOTT DOUGLASS & McCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
512.495.6300
512.495.6399 Fax

By: */s/ John W. Ellis*
Steve McConnico
State Bar No. 13450300
smcconnico@scottdoug.com
John W. Ellis
State Bar No. 24078473
jellis@scottdoug.com
Stephen Burbank
Texas Bar No. 24109672
sburbank@scottdoug.com

ATTORNEY FOR DEFENDANT NETWORTH REALTY, USA, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on November 25, 2026.

*/s/ Stephen Burbank*
Stephen Burbank